1  Michael L. Fox (SBN 173355)
   **DUANE MORRIS LLP**
2  Spear Tower
   One Market Plaza, Suite 2200
3  San Francisco, CA  94105-1127
   Telephone: +1 415 957 3000
4  Fax: +1 415 957 3001

5  Robin McGrath *(Admitted Pro Hac Vice)*
   Rebecca M. Lamberth *(Admitted Pro Hac Vice)*
6  Kenneth B. Franklin *(Admitted Pro Hac Vice)*
   **DUANE MORRIS LLP**
7  1075 Peachtree NE, Suite 2000
   Atlanta, GA 30309-3929
8  Telephone: +1 404 253 6900
   Fax: +1 404 253 6901
9  E-mail:mlfox@duanemorris.com
          rlmcgrath@duanemorris.com
10         rmlamberth@duanemorris.com
          kbfranklin@duanemorris.com
11
   Attorneys for Defendants
12 MOVE, INC., and NATIONAL ASSOCIATION OF
   REALTORS
13

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY SILVERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOVE, INC., a California Corporation, and NATIONAL ASSOCIATION OF REALTORS, and Illinois Corporation,<br><br>Defendants. | Case No.: 5:18-cv-~~05909~~ 5919 -BLF<br><br>**JOINT STIPULATION OF THE PARTIES TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>**~~[PROPOSED]~~ ORDER**<br><br>Complaint Filed:   September 26, 2018 |

WHEREAS, Plaintiff COURTNEY SILVERMAN ("Plaintiff") filed her Class Action Complaint (Dkt. No. 1) on September 26, 2018;

WHEREAS, Defendants MOVE, INC. ("Move") and NATIONAL ASSOCIATION OF REALTORS ("NAR") (collectively "Defendants") received service of summonses on or about

1  October 5, 2018 and October 10, 2018, respectively;

2      WHEREAS, the parties previously stipulated, pursuant to Civ. L.R. 6-1(a), to provide
3  Defendants with an extension of time until November 26, 2018 and then again to December 10,
4  2018, to answer or otherwise respond to the complaint (Dkt. Nos. 11 and 24);

5      WHEREAS, pursuant to the extensions, on December 10, 2018, NAR filed its Motion to
6  Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Dkt. No. 25), and Move filed
7  its Motion to Compel Arbitration and to Dismiss, or in the Alternative, to Stay, the Case (Dkt. No.
8  27), and the hearings are presently scheduled for May 23, 2019, at 9:00 a.m.

9      WHEREAS, pursuant to the parties' stipulation (Dkt. No. 29), the Court modified the
10  briefing schedule to (a) extend the time for Plaintiff to respond to Defendants' Motions up to and
11  including January 28, 2019, and (b) extend the time for Defendants to file their reply papers by
12  seven (7) days, up to and including February 11, 2019 (Dkt. No. 31);

13      WHEREAS, on January 23, 2019, Move filed an Amended Motion to Compel Arbitration
14  and to Dismiss, or in the Alternative, to Stay, the Case (Dkt. No. 37), to include supplemental
15  authority issued after it filed its initial Motion, and the hearing is still presently scheduled for May
16  23, 2019, at 9:00 a.m.

17      WHEREAS, after reassignment, the Court reset and scheduled the initial Case Management
18  Conference ("CMC") for February 7, 2019, at 11:00 a.m. (Dkt. No. 23);

19      WHEREAS, given the complex threshold jurisdictional issues to be resolved by Defendants'
20  Motions, including the new issues raised by Move's Amended Motion, the parties believe the CMC
21  should be continued for at least six (6) weeks, to March 21, 2019, at 11:00 a.m., so they can (a)
22  further meet and confer regarding potential modification of the briefing schedule, (b) engage in a
23  meaningful meet and confer process pursuant to Fed. R. Civ. P. 26(f), Civ. L.R. 16-3, and the
24  Court's Standing Orders after briefing the Motions, and (c) further meet and confer regarding an
25  additional continuance of the CMC until after the hearing on Defendants' Motions;

26      WHEREAS, this stipulation is not made for any improper purpose and will not prejudice any
27  party;

28      WHEREAS, this stipulation is not intended to operate as an admission of any factual

DM1\9326082.1    2
JOINT STIPULATION OF THE PARTIES TO CONTINUE CASE MANAGEMENT CONFERENCE
[PROPOSED] ORDER    CASE NO.: 5:18-CV-05909-BLF

allegation or legal conclusion and is submitted subject to and without waiver of any rights, defenses, affirmative defenses, or objections, including personal jurisdiction, insufficient process, or insufficient service of process; and

      WHEREAS, the requested modifications will not otherwise impact the schedule for the case;

## **STIPULATION**

      NOW, THEREFORE, Plaintiff and Defendants stipulate and agree as follows:

      1.    Pursuant to Civil L.R. 6-2, and subject to the Court's approval, to continue the initial Case Management Conference, currently scheduled to occur on February 7, 2019, at 11:00 a.m., to March 21, 2019, at 11:00 a.m.;

      2.    That, by entering this Stipulation, the Parties do not admit any factual allegation or legal conclusion and do not waive any rights, defenses, affirmative defenses, or objections, including personal jurisdiction, insufficient process, or insufficient service of process.

Dated: January 24, 2019          **DUANE MORRIS LLP**

By: /s/ Michael L. Fox
Michael L. Fox
Robin McGrath
Rebecca M. Lamberth
Kenneth B. Franklin
Attorneys for Defendants
MOVE, INC., and NATIONAL ASSOCIATION OF REALTORS

Dated: January 24, 2019          **FLAHERTY HENNESSY, LLP**

By: */s/ Sarah L. Hennessy*\*\*
Sarah L. Hennessy
Attorneys for Plaintiff
COURTNEY SILVERMAN

Dated: January 24, 2019          **ZEBERSKY PAYNE SHAW LEWENZ, LLP**

By: */s/ Jordan A. Shaw*\*\*
Jordan A. Shaw
Attorneys for Plaintiff
COURTNEY SILVERMAN

\*\*Pursuant to Civ. L.R. 5-1(i)(3), the electronic signatory has obtained approval from all other signatories

## ~~[PROPOSED]~~ ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

1. The initial Case Management Conference, currently scheduled to occur on February 7, 2019, at 11:00 a.m., is continued to March 21, 2019, at 11:00 a.m.

2. By entering their Stipulation, the Parties have not admitted any factual allegation or legal conclusion and have not waived any rights, defenses, affirmative defenses, or objections, including personal jurisdiction, insufficient process, or insufficient service of process.

DATED: January 25, 2019

*[signature: Beth Labson Freeman]*

The Honorable Beth Labson Freeman
United States District Court Judge