|  |  |
|---|---|
| COURTNEY SILVERMAN,<br><br>Plaintiff,<br><br>v.<br><br>MOVE INC, et al.,<br><br>Defendants. | Case No. 18-cv-05919-BLF<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND; VACATING MAY 23, 2019 HEARING ON MOTION FOR LEAVE TO AMEND; DEEMING PENDING MOTIONS TO DISMISS COMPLAINT TO BE MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Re: ECF 51] |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

Before the Court is Plaintiff Courtney Silverman's motion for leave to file a first amended complaint. Mot., ECF 51. On December 10, 2018, Defendant Move Inc. ("Move") filed a motion to compel arbitration and to dismiss and Defendant National Association of Realtors ("NAR") filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(2) and 12(6). ECF 25, 27. Under Rule 15(a)(1)(A), Plaintiff's deadline to amend her Complaint as a matter of right was December 31, 2018. That deadline came and went without amendment. On January 28, 2019, 49 days after Defendants filed their responsive pleadings, Plaintiff filed a First Amended Complaint without receiving Defendants' or the Court's consent as required by Rule 15(a)(2). Because Plaintiff's FAC was untimely, the Court struck it on Defendants' motion on March 6, 2019. On March 7, 2019, Plaintiff filed the instant motion for leave to amend. ECF 51. Though Plaintiff opposed Move's motion to dismiss, ECF 53, Plaintiff did not oppose NAR's motion to dismiss, ECF 25.

Plaintiff's failure to comply with Court deadlines has created a morass regarding the pending motions. If the Court grants the motion for leave to amend after a hearing on May 23,

1  Defendants risk having briefed and argued the motions to dismiss for naught.  At the same time,
2  Plaintiff's failure to oppose NAR's motion to dismiss for lack of personal jurisdiction makes it
3  difficult to rule on the futility of the proposed amended complaint.  To remedy this procedural
4  mire, the Court VACATES the May 23, 2019 hearing on the motion for leave to amend (the
5  hearings on the motions to dismiss remain); GRANTS Plaintiff's motion for leave to amend under
6  Rule 15; and DEEMS Defendants' pending motions to dismiss the Complaint (ECF 25, 37) to be
7  motions to dismiss the First Amended Complaint (located at ECF 51-2).  Move's reply in support
8  of its motion to dismiss is now due **on or before April 10, 2019**.  In its 15-page reply, Move may
9  address whether and how its arguments apply to the First Amended Complaint.  Plaintiff may file
10 **on or before April 17, 2019** a 2-page sur-reply addressing only the issue of how, if at all, its First
11 Amended Complaint cures any identified issues in Move's motion to compel arbitration.
12 Additionally, Defendant NAR may file **on or before April 10, 2019**, a 3-page supplemental brief
13 in support of its motion to dismiss for lack of personal jurisdiction addressing whether and how
14 the First Amended Complaint fails to cure the deficiencies identified in NAR's motion to dismiss.
15 Because Plaintiff failed to oppose NAR's motion, she will not have an opportunity to respond.
16 Plaintiff must file her First Amended Complaint as a separate docket entry **on or before April 5,**
17 **2019**.

18  The Court makes clear that in granting Plaintiff's motion for leave to amend, it does not
19 seek to reward Plaintiff for her missteps here.  In fact, the Court believes this procedure is the
20 fairest procedure for Defendants, as it allows the Court to apply Defendants' arguments to
21 Plaintiff's preferred pleading, and thus to avoid the potential of having to simply allow the same
22 exact amendment to occur in response to the motions to dismiss, should the Court grant them
23 without prejudice.

25  **IT IS SO ORDERED.**
26 Dated: April 2, 2019

_____
BETH LABSON FREEMAN
United States District Judge